IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM TARR, as Personal Representative
of the ESTATE OF CONNOR WILLIAM
TARR

           Plaintiff,

v.

USF REDDAWAY, INC., an Oregon
corporation; YRC WORLDWIDE, INC.,
a Delaware corporation; GERALD THOMAS
TRUELOVE, an individual,

           Defendants.

3:15-cv-02243-PK

FINDINGS &
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff William Tarr, as personal representative of the Estate of Connor William Tarr, brings this wrongful death action against defendants USF Reddaway, Inc. ("Reddaway"), YRC Worldwide, Inc. ("YRC"), and Gerald Thomas Truelove. Plaintiff alleges this court has subject-matter jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). Now before the court is Reddaway and YRC's Motion to Dismiss (#16). Reddaway and YRC move to (1) dismiss Plaintiff's Complaint in its entirety for failure to allege the essential elements of diversity jurisdictional and (2) dismiss Plaintiff's claims against YRC for lack of personal jurisdiction. For the reasons provided below, the Motion to Dismiss should be granted in part and denied in part.

## LEGAL STANDARDS

### I. Subject-Matter Jurisdiction—Diversity of Citizenship

A party alleging subject-matter jurisdiction on the basis of diversity of citizenship must plead the "essential elements of diversity jurisdiction, including the diverse residence of all

FINDINGS & RECOMMENDATION PAGE—1

parties." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (internal quotation marks omitted) (quoting *In re Mexico City Aircrash*, 708 F.2d 400, 404 n. 4 (9th Cir.1983)). For the purposes of diversity jurisdiction, the legal representative of an estate is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2).

## II. Personal Jurisdiction

An action must be dismissed to the extent the court lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *accord Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). If the court rules on a motion to dismiss for lack of personal jurisdiction without first holding a pretrial evidentiary hearing, the plaintiff is only required to establish, through pleadings and affidavits, a prima facie showing of personal jurisdiction. *E.g., Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citation omitted); *accord Celgard*, 792 F.3d at 1378. "Although the plaintiff cannot rest solely on the allegations of the complaint to establish that jurisdiction is proper, the complaint's uncontroverted factual allegations must be accepted as true and any factual conflicts in the parties' declarations must be resolved in the plaintiff's favor." *Ukrvaktsina v. Olden Grp., LLC*, No. CIV. 10-6297-AA, 2011 WL 5244697, at *1 (D. Or. Oct. 30, 2011) (citing *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)); *accord Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

There are two components to personal jurisdiction: first, the forum state's long-arm statute must permit the assertion of jurisdiction, and second, the assertion of jurisdiction must comport with federal constitutional due process mandates. *See, e.g., Fireman's Fund Ins. Co. v.*

*Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). Oregon's long-arm statute permits assertions of personal jurisdiction to the full extent allowed under the federal constitution. *See* Or. R. Civ. P. 4 L; *Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999). "Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards." *Millennium Enterprises*, 33 F. Supp. 2d at 909. Constitutional due process requires there to be sufficient "minimum contacts" between the party over whom jurisdiction is being exercised and the forum state such that "traditional notions of fair play and substantial justice" are not offended. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). In this case, Plaintiff invokes only specific jurisdiction. *See* Plf.'s Resp. 6 (#23).

In the context of a tort claim, specific jurisdiction exists where (1) the defendant purposefully directs its activities at the form, (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) the assertion of personal jurisdiction is fair and reasonable. *See, e.g., Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citation omitted). After the plaintiff establishes the first two prongs, "the burden shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Fred Martin Motor Co.*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

## BACKGROUND

The parties' dispute arises out of a 2014 motor vehicle accident that occurred in California. Plaintiff alleges that a tractor-trailer owned by Reddaway and operated by Truelove

collided with a vehicle in which Conner Tarr ("Tarr") was a passenger, resulting in Tarr's death. *See* Compl. ¶¶ 14-18 (#1).

Plaintiff's Complaint alleges the following jurisdictional facts. Plaintiff is a citizen of Washington. *Id.* at ¶ 1. Truelove is a citizen of California. *Id.* at ¶ 4. Reddaway is an Oregon corporation with its principal place of business in Oregon. *Id.* at ¶ 3. Reddaway is a wholly owned subsidiary of YRC. *Id.* at ¶¶ 2-3. YRC is a Delaware corporation with its principal place of business in Kansas. *Id.* at ¶ 2. The amount in controversy exceeds $75,000. *Id.* at ¶ 5. Plaintiff's Complaint does not allege the citizenship of Tarr.

## DISCUSSION

### III. Subject-Matter Jurisdiction—Diversity of Citizenship

Plaintiff now concedes that he failed to properly allege essential jurisdictional facts by neglecting to allege the citizenship of Tarr. *See* Plf.'s Resp. 4 (#23); *see also* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). The parties agree that Plaintiff should be granted leave to amend his Complaint to add an allegation regarding Tarr's citizenship. Therefore, the Motion to Dismiss for lack of subject-matter jurisdiction should be denied as moot and Plaintiff should be granted leave to file an amended complaint. The remaining issue presented by the Motion to Dismiss is whether the court may exercise personal jurisdiction over YRC.

### IV. Personal Jurisdiction

The court lacks personal jurisdiction over YRC because Plaintiff has failed to make a prima facie showing of the first and second prongs of the specific jurisdiction test.

### A. The Parties' Arguments

YRC argues that all of Plaintiff's claims against it should be dismissed for lack of personal jurisdiction. YRC notes that Plaintiff's Complaint fails to allege any contacts that YRC made with Oregon. YRC argues that Plaintiff cannot cure that defect because YRC does not have any contacts with Oregon. In support, YRC offers a sworn statement from its Vice President and Treasurer, Mark Boehmer. Boehmer testified that YRC does not conduct any business in Oregon and has no offices, employees, or property in Oregon. Boehmer Decl. ¶ 10 (#18). Boehmer also testified that Truelove was not employed, managed, or controlled by YRC. *Id.* at ¶ 7. Boehmer further testified that YRC did not own, maintain, or control the Reddaway tractor-trailer involved in the collision underlying this suit. *See id.* at ¶ 8. Reddaway's Director of Safety, David Yonemoto, provided an identical sworn statement. *See* Yonemoto Decl. (#19).

In response, Plaintiff clarifies that he does not contend that this court has general jurisdiction over YRC under the Ninth Circuit's "alter ego" jurisprudence. Rather, Plaintiff contends that the court has specific jurisdiction over YRC because it obtained and is liable on an insurance policy covering Reddaway.[1] According to Plaintiff, because Reddaway's ability to conduct business in Oregon (i.e. operate vehicles on Oregon highways) depended on it having liability insurance, YRC is subject to this court's personal jurisdiction. *See* Or. Rev. Stat. § 825.160(1) ("A person may not operate as a motor carrier on public highways of this state until the person has in effect a policy of public liability and property damage insurance."); Or. Admin. R. 740-040-0010(5) ("If for any reason the evidence of insurance becomes insufficient, the certificate or permit of the concerned carrier shall immediately, and by operation hereof, be suspended.").

---

[1] YRC allegedly insured Reddaway through a "fronting" arrangement, whereby YRC, as the policyholder, retained the risk of loss. *See* Plf.'s Resp. 7 (#23).

FINDINGS & RECOMMENDATION PAGE—5

## B. Analysis

### 1. Prong 1—Purposeful Direction

Both parties misstate the law governing the first prong of the specific jurisdiction test. The parties frame the relevant inquiry as whether YRC purposefully availed itself of Oregon's laws. However, the Ninth Circuit has made clear that purposeful direction—not purposeful availment—is the relevant inquiry in tort cases. *See, e.g., Brayton Purcell*, 606 F.3d at 1128.

> This court evaluates purposeful direction using the three-part "Calder-effects" test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed.2d 804 (1984). Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Id.* (citations omitted) (internal quotation marks omitted); *accord Oil Pad Sols., LLC v. Parsons*, No. 03:12-CV-01917-HZ, 2013 WL 1946743, at *3 (D. Or. May 8, 2013).

The third part of the Calder-effects test requires Plaintiff to show that "a jurisdictionally sufficient amount of harm [was] suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Plaintiff has failed to establish that *any* harm was suffered in Oregon. As stated above, Plaintiff alleges the accident occurred in California. Compl. ¶¶ 14-16 (#1). Plaintiff further alleges that Tarr's estate is located in Washington. *Id.* at ¶ 1; Plf.'s Resp. 5 (#23). Although the parties dispute where Tarr resided (with Reddaway and YRC alleging he resided in California and Plaintiff alleging he resided in Washington), neither party suggests that Tarr ever resided in Oregon. Because Plaintiff has failed to show that "a jurisdictionally sufficient amount of harm [was] suffered in the forum state," he has failed to establish a prima facie case of specific jurisdiction over YRC. *See Yahoo!*, 433 F.3d at 1207. Consequently, Plaintiff's claims against YRC should be dismissed.

### 2. Prong 2—Arising Out of

The second prong of the specific jurisdiction test requires Plaintiff to show that his claims arise out of or relate to YRC's forum-related activities. *See, e.g., Brayton Purcell*, 606 F.3d at 1128 (citation omitted). The Ninth Circuit "refer[s] to the second prong of the specific jurisdiction test as a 'but for' test." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir.1990)), *aff'd sub nom., Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015). "Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Id.* (quoting *Fireman's Fund Ins.*, 103 F.3d at 894).

Here, there is no direct nexus between YRC's Oregon's contacts and Plaintiff's wrongful death action. Again, the only contact Plaintiff contends YRC made with Oregon was its obtaining an insurance policy for Reddaway. However, Plaintiff does not assert claims based on the insurance policy. Rather, Plaintiff claims that Truelove was negligent in operating the tractor-trailer and Reddaway and YRC were negligent in hiring and training Truelove. There is no direct nexus between YRC obtaining an insurance policy for Reddaway and the motor vehicle accident causing Tarr's death. At most, Plaintiff alleges an *indirect* nexus—that is, Reddaway was required to obtain insurance from some entity in order to do business in Oregon; Reddaway chose YRC as the insuring entity; Reddaway subsequently formed and headquartered its business in Oregon; and Reddaway then caused Tarr's death during the course of its business in California. That indirect nexus is insufficient to satisfy the "arising out of" prong of the specific jurisdiction test. *See id.* (requiring a direct nexus); *accord Watters v. Kirk*, No. 0:12-CV-338-CMC, 2012 WL 831452, at *3 & n.3 (D.S.C. Mar. 12, 2012) (holding that a parent company's

procurement of liability insurance for its subsidiary, without more, is insufficient to subject the parent company to personal jurisdiction in locations where the subsidiary may be subject to suit for events covered by the insurance).

Plaintiff's reliance on *Nike, Inc. v. Spencer*, 707 P.2d 589 (Or. App. 1985), is misplaced. In that case, the Court of Appeal of Oregon affirmed the exercise of personal jurisdiction over a foreign corporate guarantor in a suit to enforce a guaranty the foreign corporation executed for the benefit of an Oregon business. *See id.* at 596-97. *Nike* is distinguishable because, in that case, the underlying claim to enforce the guaranty clearly arose out of the defendant's Oregon contacts—i.e. guaranteeing the underlying obligation. *See id.* Moreover, the *Nike* court's holding depended on its finding that the Oregon corporation relied on the foreign corporation's guaranty in extending credit on the underlying obligation. *See id.* at 596. In this case, there is obviously no suggestion that Tarr relied on YRC's Oregon activities in becoming a tort victim.

Because Plaintiff has failed to show that his claims arise out of or relate to YRC's forum-related activities, he has failed to establish a prima facie case of specific jurisdiction over YRC. *See Brayton Purcell*, 606 F.3d at 1128 (citation omitted). Consequently, Plaintiff's claims against YRC should be dismissed.

## CONCLUSION

For the reasons provided above, the Motion to Dismiss (#16) should be granted in part and denied in part. The Motion to Dismiss should be denied as moot to the extent it seeks dismissal for lack of subject-matter jurisdiction. Plaintiff should be granted leave to amend his Complaint to allege the residency of Tarr. Plaintiff should be ordered to file his amended complaint within seven days after the final ruling on the present Motion to Dismiss.

All claims against YRC should be dismissed for lack of personal jurisdiction. The dismissal should be without prejudice. *See, e.g., Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 (9th Cir. 1985).

Reddaway and YRC moved to strike much of the evidence Plaintiff submitted with his Response. *See* Reply 6-10 (#27). I did not consider the contested evidence to the extent it pertains to Tarr's domicile. Moreover, the evidence regarding YRC's Oregon contacts does not change my conclusion that this court lacks personal jurisdiction over YRC. Therefore, Reddaway and YRC's Motion to Strike (#27) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 23rd day of February, 2016.

/s/ 
Honorable Paul Papak
United States Magistrate Judge