IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM TARR, as Personal
Representative of the Estate
of Connor William Tarr,

        Plaintiff,

v.

USF REDDAWAY, INC., an Oregon
corporation,

        Defendant.

3:15-cv-02243-PK

ORDER

BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (F&R, #66) on November 7, 2017, in which he recommends the Court grant in part and deny in part Defendant USF Reddaway, Inc.'s Motion (#53) for Partial Summary Judgment. Both Defendant USF Reddaway and Plaintiff William Tarr, as Personal Representative of the Estate of Connor William Tarr, filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff's son, Connor, was killed while riding as a passenger in a motor vehicle that was struck from behind at high speed by a semi-truck driven by Defendant's employee within the course and scope of his employment. The accident occurred in California. Plaintiff, a resident of the State of Washington, filed this action against Defendant, an Oregon corporation.[1]

Plaintiff alleges Defendant was negligent in hiring its employee-driver, failing to train and to supervise its employee, failing to incorporate an adequate safety system allowing real-time monitoring of the speed of its trucks, and is vicariously liable pursuant to the doctrine of *respondeat superior* for its employee's negligence in driving at an unsafe speed and with impaired alertness as a result of fatigue.

Defendant moves for partial summary judgment against Plaintiff's claims and contends (1) Oregon law applies under choice-of-law statutes, and, therefore, Plaintiff's noneconomic

---

[1] Defendant's employee-driver, Gerald Thomas Truelove, was named as a party, but on April 14, 2016, the Magistrate Judge dismissed Defendant Truelove on the ground that the Court lacked personal jurisdiction over him.

2 - ORDER

damages are capped at $500,000 pursuant to Oregon Revised Statutes § 13.710(1); (2) Plaintiff has presented insufficient evidence to support a claim for punitive damages; and (3) Plaintiff may not recover economic damages in federal court for lost future earnings from a cannabis business on the ground that cannabis is illegal under federal law.

The Magistrate Judge recommends this Court find that California law applies under the Oregon choice-of-law statute, and, therefore, the cap on noneconomic damages under Oregon law would not apply. The Magistrate Judge also recommends this Court find Plaintiff should be allowed to seek recovery of economic damages based on projected profits from his cannabis business. Accordingly, the Magistrate Judge recommends this Court deny Defendant's Motion as to these issues.

The Magistrate Judge also recommends this Court find Plaintiff has failed as a matter of law to present evidence that would support an award of punitive damages, and, accordingly, he recommends this Court grant Defendant's Motion as to this issue.

## DISCUSSION

Defendant contends the Magistrate Judge erred in his Findings and Recommendation by concluding that California law applies in this action and that Plaintiff is allowed to seek economic damages based on Plaintiff's cannabis business.

3 - ORDER

Plaintiff, in turn, contends the Magistrate Judge improperly weighed the evidence when he recommended this Court should dismiss Plaintiff's punitive damages claim.

I. **Choice of Law**

The Oregon choice-of-law statute, Oregon Revised Statutes § 15.440(3), provides:

> If the injured person and the person whose conduct caused the injury were domiciled in different states and the laws of those states on the disputed issues would produce a different outcome, the law of the stated designated in this subsection governs.
>
> (a) If both the injurious conduct and the resulting injury occurred in the same state, the law of that state governs if either the injured person or the person whose conduct caused the injury was domiciled in that state.
>
> (b) If both the injurious conduct and the resulting injury occurred in a state other than the state in which either the injured person or the person whose conduct caused the injury were domiciled, the law of the state of conduct and injury governs. If a party demonstrates that, under the circumstances of the particular case, the application of that law to a disputed issue will not serve the objectives of that law, that issue will be governed by the law selected under ORS 15.445.

The Magistrate Judge concludes § 15.440(3)(a) mandates the application of California law because the injurious conduct and the resulting injury occurred in California and the person whose conduct caused the injury resides in California.

Defendant contends the Magistrate Judge's conclusion is erroneous because § 15.440 only applies when there is a "claim[] between an injured person and the person whose conduct caused the

4 - ORDER

injury." Defendant argues the only "claim" in this case is between Plaintiff, a Washington citizen, and Defendant, an Oregon citizen, and, therefore, the "injured person" and "the person whose conduct caused the injury" can only refer to the named parties. Inasmuch as neither of the named parties are residents of California where the accident occurred, Defendant argues § 15.440, and specifically § 15.440(3)(a) does not apply.

Contrary to Defendant's argument, however, the Court notes the plain language of the statute is not limited to "named parties." As the Magistrate Judge explained, the statute's resolution of choice-of-law issues turns on "the person who caused the injury," and that phrase reasonably includes Defendant's employee whose alleged negligence was the operative cause of the injury here.

With respect to Plaintiff's claim based on the theory of *respondeat superior* (which makes Defendant liable for the negligent acts of its employee), the Magistrate Judge relies on the Oregon Law Commission's Report to the Oregon Legislature regarding the then-proposed choice-of-law statute. The Report states: "[I]n a *respondeat superior* action filed against an employer for an injury caused by an employee, both the employer and the employee are considered to be 'persons whose conduct caused the injury' for purposes of the Act." F&R at 6. This Court concludes the Magistrate Judge properly considered the

5 - ORDER

residence of Defendant's employee "whose conduct caused the injury" for purposes of resolving the choice-of-law issues and did not err in recommending that § 15.440(3) applies as a matter of law.

Defendant also contends § 15.445 requires analysis of the "most appropriate law" to be applied regardless of the application of § 15.440(3)(a) or (b). Section 15.445, however, is a "residual approach" to a choice-of-law issue to be followed "except as provided in . . . § 15.440." Or. Rev. Stats. § 15.445. Inasmuch as the Magistrate Judge correctly applies § 15.440(3), he is not required to follow the analysis under § 15.445 to resolve the choice-of-law issue.

Accordingly, the Court concludes the Magistrate Judge correctly applied the Oregon choice-of-law statute; that under the Oregon choice-of-law standard California law applies to this matter; and, therefore, that the Oregon cap on noneconomic damages does not apply.

## II. Noneconomic Damages

Defendant contends the Magistrate Judge incorrectly found Plaintiff was entitled to seek recovery of economic damages based on losses incurred by the Tarr family in their cannabis growing company. Defendant's arguments in its Objections are similar to those that it raised in its Motion for Summary Judgment.

As the Magistrate Judge noted, there is not any case law

directly on point. The cases that Defendant cites arise out of issues related to the "illegal operation" itself; *i.e.*, a cannabis operation could not avoid federal prosecution for distribution (*Gonzales v. Raich*, 545 U.S. 1 (2005)); could not receive bankruptcy protection (*Arenas v. United States Trustee*, 535 B.R. 845 (10th Cir. 2015)); and is not entitled to a Federal Reserve account for banking services (*Fourth Corner Credit Union v. Federal Reserve Bank of Kansas City*, 861 F.3d 1052 (10th Cir. 2017)). Although one court has held a partner could not recover damages based on a conspiracy arising out of an illegal partnership agreement related to a bootlegging operation (*Rutkin v. Reinfeld*, 119 F.2d 248 (2nd Cir. 1956)), that case does not point to an analysis in a situation like this one where the enterprise is lawful under state law but illegal under federal law. In any event, Defendant has not cited any authority that prohibits a claim of damages by an injured party in a personal-injury action in federal court when those damages are based on losses arising from a cannabis operation that is lawful under state law.[2]

Accordingly, this Court concludes the Magistrate Judge did

---

[2] The Court notes the Magistrate Judge relied by analogy on *Greenwood v. Green Leaf Lab, LLC,* in which this Court held an employee of a marijuana testing laboratory could bring a claim under the federal Fair Labor Standards Act despite the legal status of marijuana under federal law. No. 3:17-cv-415, 2017 WL 3391671 (D. Or. July 13, 2017), *recommendation adopted*, 2017 WL 3391647 (D. Or. Aug. 7, 2017).

not err in recommending that this Court find Plaintiff is entitled to seek recovery of economic damages based on projected profits from the family cannabis business.

**III. Punitive Damages**

Plaintiff contends the Magistrate Judge erred by recommending this Court dismiss Plaintiff's punitive-damage claim on the ground that the Magistrate Judge improperly weighed the evidence on summary judgment.

At the summary-judgment stage the judge's function "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" and whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Here the Magistrate Judge found the undisputed evidence submitted by Plaintiff in support of his punitive-damage claim was insufficient to support such a claim because it did not meet the "clear and convincing" standard required for a showing that Defendant "acted with malice or has shown a reckless and outrageous indifference to the health, safety and welfare of others." *See, e.g.,* Or. Rev. Stat. § 31.730(1) and Cal. Civ.

Code § 3294(a).

On this record the Court concludes the Magistrate Judge did not err when he recommended this Court find Plaintiff's evidence was insufficient as a matter of law to support a claim of punitive damages even when viewed in the light most favorable to Plaintiff.

In summary, this Court has carefully considered the parties' Objections and concludes they do not provide a basis to modify the Magistrate Judge's Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**CONCLUSION**

The Court **ADOPTS** Magistrate Judge Paul Papak's Findings and Recommendation (#66) and, therefore, **GRANTS in part** and **DENIES in part** Defendant's Motion (#53) for Partial Summary Judgment as follows:

    1. **DENIES** Defendant's Motion and concludes California law applies to the merits of Plaintiff's cliams, and, therefore, Oregon's statutory cap on noneconomic damages does not apply;

    2. **GRANTS** Defendant's Motion and **STRIKES** Plaintiff's claim for punitive damages; and

9 - ORDER

3. **DENIES** Defendant's Motion and concludes Plaintiff may seek an award of money damages for lost income from his wholesale cannabis business as a result of Defendant's alleged negligence.

The Court returns this matter to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED this 1st day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge